1   MARC J. FAGEL (Cal. Bar No. 154425)
    ROBERT TASHJIAN (Cal. Bar No. 191007)
2      tashjianr@sec.gov
    ELENA RO(Cal. Bar No. 197308)
3      roe@sec.gov

4   Attorneys for Plaintiff
    SECURITIES AND EXCHANGE
5   COMMISSION
    44 Montgomery Street, Suite 2800
6   San Francisco, California  94104
    Telephone:  (415) 705-2500
7   Facsimile:   (415) 705-2501

8                   UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10                       SAN JOSE DIVISION

11  SECURITIES AND EXCHANGE COMMISSION,    Case No.  09-CV-1177 RMW

12                Plaintiff,

13          vs.                                 FURTHER JOINT CASE MANAGEMENT
                                                CONFERENCE STATEMENT
14  ALBERT K. HU,
15  ASENQUA, INC.,                                  **The Hon. Ronald M. Whyte**
    ASENQUA CAPITAL MANAGEMENT, LLC,            **Case Management Conference**
16  AQC ASSET MANAGEMENT, LTD., and                **Date:  July 20, 2012**
    FIRESIDE CAPITAL MANAGEMENT, LTD.,             **Time:  10:30 a.m.**
17                                             **Courtroom 6, Fourth Floor**
                  Defendants.
18
19  SECURITIES AND EXCHANGE COMMISSION,    Case No. 10-CV-1358 RMW

20                Plaintiff,

21          vs.

22  STEPHEN C. BOND

23                Defendant.

24

25

26

27

28

Pursuant to the Court's Standing Order, plaintiff Securities and Exchange Commission (the "Commission") and defendant Stephen C. Bond submit this Joint Case Management Statement.  Defendant Albert Hu and the entity defendants, Asenqua, Inc., Asenqua Capital Management, LLC, AQC Asset Management, Ltd., and Fireside Capital Management, Ltd. (collectively, the "Asenqua Defendants") are not represented in this action.  The Commission will serve this Case Management Conference Statement on Mr. Hu by mail in custody, as well as provide a copy to counsel who represented him in the related criminal matter captioned *United States v. Albert Ke-Jeng Hu*, Case No. CR-09-00487 RMW (N.D. Cal. filed May 6, 2009).

The parties provide the following update and summary of their proposals relating to both the Hu and Bond matters for the Court in Part 1, *infra*.  The remainder of the Case Management Statement concerns the Bond matter, with the exception of the proposed case schedule in Part 18, which would be applicable to the Hu matter should the Court determine that a second trial involving Mr. Hu or the Asenqua Defendants is required.

## 1.    STATUS UPDATE AND SUMMARY OF PARTIES' PROPOSALS

### A.    The Hu Conviction and the Commission's Proposal

The United States government indicted Mr. Hu in 2009, charging that he engaged in a scheme to defraud investors in several hedge funds that he created and oversaw.  Because the criminal case and the Commission's civil action mirrored each other, the Court found that the civil and criminal actions were related within the meaning of Rule 8-1(b) of the Criminal Local Rules and issued a Related Case Order on August 11, 2009.  *See Hu* (Criminal Action) Dkt. 12.

Mr. Hu and the Asenqua Defendants were represented by counsel until May 3, 2010, when counsel withdrew from their representation.  *See Hu* (SEC Action) Dkts. 59-60 (motion and brief) and Dkt. 65 (Order granting motion).  Mr. Hu, who has been in custody since his indictment and extradition from Hong Kong in 2009, has since been unrepresented, as have the Asenqua Defendants.

1        Jury selection in Mr. Hu's criminal trial started on June 4, 2012.  Following a trial

2   spanning three weeks, the jury returned a verdict of guilty against Mr. Hu on seven counts of

3   wire fraud on June 20, 2012.  The Court has scheduled a hearing to consider sentencing on

4   September 10, 2012.

5        The Commission intends to move for summary judgment against Mr. Hu and the

6   Asenqua Defendants based on the jury's verdict and the factual issues necessarily determined

7   at trial.  (The Asenqua Defendants, which may only appear through counsel, are likely in

8   default.)  The Commission proposes that the Court set a deadline approximately 30 days

9   following Mr. Hu's sentencing hearing—October 12, 2012—for the filing of the

10  Commission's dispositive motion to resolve the claims against Mr. Hu and the Asenqua

11  Defendants.

12      **B.**    **The Related Civil Action Against Bond and the Parties' Proposals**

13       On May 4, 2010, the Court related the Commission's civil action against Mr. Bond to

14  the *Hu* (SEC Action).  *See Bond* (Civil Action) Dkt. 9.  In light of the pending criminal

15  charges against Mr. Hu, and Mr. Hu's lack of representation in the Commission's civil action,

16  the parties agreed the civil actions would trail Mr. Hu's criminal trial and that they would

17  refrain from taking discovery pending the outcome of the trial.  The Court concurred,

18  effectively staying the civil proceedings against Mr. Hu and Mr. Bond.  *See, e.g.*, Stipulated

19  Order (Apr. 11, 2012) (*Hu* Civil Action Dkt. 86; *Bond* Civil Action Dkt. 28; Stipulated Order

20  (Oct. 6, 2011) (*Hu* Civil Action Dkt. 85; *Bond* Civil Action Dkt. 26).

21       The Commission seeks to resolve the civil action against Mr. Bond expeditiously now

22  that Mr. Hu's criminal trial has concluded.  Many of the witnesses who would testify at trial

23  against Mr. Bond testified at Mr. Hu's trial, lessening the need for a prolonged period of civil

24  discovery.  Because the events underpinning the Commission's claims occurred between

25  approximately 2001 and 2008, the Commission would like to proceed without further delay.

26  The Commission therefore proposes that the Court establish an abbreviated discovery

27  schedule and set trial in the Bond matter in mid-February 2013.

28

1    Defendant Stephen C. Bond requests the setting of realistic deadlines and trial date

2    that Defense Counsel can meet and comply with given her trial schedule in complex matters

3    combined with her one month medical leave, detailed herein.  Given the criminal case against

4    Albert Hu and the resulting stay in proceedings in this matter, this Case Management

5    Conference is, in essence, an initial Case management Conference.  Scheduling this case with

6    the deadlines and trial date as proposed by Defendant in Part 18(B) is an expeditious

7    schedule.  Defendant does not agree with the Commission's statement that there is a lessened

8    need for civil discovery and their proposal for an extremely abbreviated discovery schedule

9    and trial date, contained in Part 18(A) is prejudicial to Defendant Bond.

10    Defense Counsel will be undergoing surgery and will be unable to work during the

11    month of September 2012.  In addition, Defense Counsel has a three week Racketeering trial

12    set to commence before the Honorable Charles R. Breyer in *United States vs. Hung Tieu*, CR

13    11-097 CRB, on November 26, 2012.  This trial is estimated to take three weeks and is a

14    complex case.  Additionally, Defense Counsel has a trial before the Honorable Edward Chen

15    in *United States vs. Bassam Salman*, CR 11-625 EMC set to commence March 4, 2013.  This

16    is a complex Insider Trading case with approximately 1,000,000 documents anticipated to

17    take two to three weeks.  In addition, Defense Counsel has a trial set before the Honorable

18    Phyllis Hamilton in *United States vs. James Ross*, CR 09-1062 PJH set to commence on

19    April 22, 2013.  This is a 53 count complex mortgage fraud case with several hundred

20    thousands of pages of discovery and is expected to take three weeks to try.

21    **2.    JURISDICTION AND SERVICE**

22    This is a civil enforcement action brought by the Commission alleging fraud in

23    violation of the federal securities laws.  The Commission brings this action pursuant to

24    Sections 21(d) and 21(e) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C.

25    §§ 78u(d) and 78u(e)], and Sections 209 and 214 of the Investment Advisers Act of 1940

26    ("Advisers Act") [15 U.S.C. §§ 80b-9 and 80b-14].

27    This Court has jurisdiction over this action pursuant to Sections 21(d), 21(e) and 27 of

28    the Exchange Act [15 U.S.C. §§ 78u(d), 78u(e) and 78aa], and Sections 209 and 214 of the

1  Advisers Act [15 U.S.C. §§ 80b-9 and 80b-14].  The Commission alleges that defendant,

2  directly or indirectly, made use of the means and instrumentalities of interstate commerce, of

3  the mails, or of the facilities of a national securities exchange in connection with the acts,

4  practices and courses of business alleged in this complaint.

5  Venue is proper in this district pursuant to Section 27 of the Exchange Act [15 U.S.C.

6  § 78aa], and Section 214 of the Advisers Act [15 U.S.C. § 80b-14].  During the period

7  described in this complaint, Mr. Bond resided in the Northern District of California, and acts

8  or transactions allegedly constituting violations occurred in this district.

9  There are no issues regarding personal jurisdiction or venue, and there are no other

10  parties to be served.

11  **3.      FACTS**

12  **A.      The Commission's Description of the Case**

13  According to the Commission, beginning in about 2001, Mr. Bond, along with

14  Mr. Hu, defrauded investors in at least a half-dozen different hedge funds (the "Asenqua

15  funds") by claiming to manage these purported funds when he knew he never did.  The

16  Commission alleges that in meetings with potential investors, Mr. Hu introduced Mr. Bond as

17  the investment manager of the Asenqua funds and Mr. Bond claimed that the funds primarily

18  invested in the securities of high technology companies.

19  The Commission alleges that, during meetings to solicit investors, Mr. Bond provided

20  his analysis of market trends and led investors into believing he would oversee the Asenqua

21  funds' investment portfolio.  With Mr. Bond in attendance at the meetings, Mr. Hu boasted

22  about the purported investment returns generated by the Asenqua funds.  For example, among

23  various figures, Mr. Hu claimed that the Asenqua funds returned 42 percent in 2001, 30

24  percent in 2002 and 34 percent in 2003.  The Commission alleges that throughout the relevant

25  period, both Mr. Bond and Mr. Hu reinforced the impression that Mr. Bond managed the

26  Asenqua funds.  Investment documents such as private placement memoranda described

27  Mr. Bond's role in the investment decisions of the Asenqua funds.  According to the

28  investment documents, investor funds were to be pooled in a "master fund" for the Asenqua

funds.  As one of the managers of the Asenqua funds, Mr. Bond was to execute the Asenqua funds' investment strategy using the master fund and allocate fees and returns among the investors.  The investment documents and other marketing materials provided to investors, described Mr. Bond's experience in finance and his responsibility for managing the Asenqua funds' investments.

According to the Commission, Mr. Bond did not in fact act as the investment manager for the Asenqua funds.  Mr. Bond did not manage any of the Asenqua funds' investments and executed no trades on behalf of any of the Asenqua funds.  Although the master funds were supposed to be the basis for the portfolios that Bond purportedly managed, neither he nor Mr. Hu established any master fund on behalf of the Asenqua funds.  By participating in meetings with potential investors and in subsequent communications with investors, Mr. Bond knowingly or recklessly misled investors about his role as the investment manager of the Asenqua funds.  The Commission alleges that between 2001 and 2007, Mr. Bond and Mr. Hu raised more than $5 million from at least eight investors in the Asenqua funds. Mr. Bond personally profited from his role in the scheme between 2001 and 2008 by accepting from Mr. Hu approximately $900,000 of the funds raised from Asenqua investors.

**B.    Mr. Bond's Description of the Case**

Mr. Hu defrauded investors in at least a half-dozen different hedge funds by falsifying investment documents, quarterly account statements, and other financial statements.  These false documents gave the aura of authenticity to Mr. Hu's hedge funds and induced investors into believing that credible and reliable "gatekeepers" safeguarded the investments. Defendant Stephen Bond had no knowledge that these documents were false and like the investors, was defrauded by Mr. Hu into believing that the statements were accurate.

During Mr. Hu's scheme, Mr. Hu touted the success of the hedge funds to investors by claiming that "independent" auditors and prominent international law firms oversaw and served as legal counsel for the funds.  In fact, the law firms did not represent the funds and one of the auditors did not, in fact, provide services to the funds.  Mr. Hu forged the signature of the purported Chief Financial Officer on the financial statements.  Defendant Stephen Bond

had no knowledge of these facts and like the investors, was defrauded by the misrepresentations being made by Albert Hu.

Mr. Hu misappropriated the funds invested. Defendant Stephen Bond had no knowledge of the misappropriation of any funds invested or the failure of Hu to invest and follow the investment strategy discussed and detailed in the documents. At no time did defendant Stephen Bond have knowledge of the fraud committed by Albert Hu.

**C.      Principal Facts in Dispute**

According to defendant, the principal factual issues are whether he personally solicited any funds for investments, whether he knowingly made any material misrepresentations to investors to in connection with investments in Asenqua funds and whether he knew that the funds had not been invested and misappropriated by Albert Hu.

**4.      LEGAL ISSUES**

**A.      The Commission**

The Commission alleges that Mr. Bond violated the antifraud provisions of the federal securities laws. Specifically, the Commission alleges that defendant committed fraud in connection with the purchase or sale of securities, in violation of Section 10(b) of the Exchange Act and Rule 10b-5 thereunder. The Commission further alleges that Mr. Bond aided and abetted, through substantial assistance to, Mr. Hu's commission of fraud as an investment adviser, in violation of Sections 206(1) and 206(2) of the Advisers Act, and in connection with pooled investment vehicles, in violation of Section 206(4) of the Advisers Act and Rule 206(4)-8 thereunder.

The Commission does not believe there will be a dispute about the required elements of the violations alleged in the complaint. Based on its meeting with defendant's counsel, the Commission anticipates a dispute over whether Mr. Bond made material misrepresentations to investors in connection with the investments in the Asenqua hedge funds.

**B.      Mr. Bond**

For defendant Stephen Bond, the principal legal issues are whether he violated Sections 10(b) and Rule 10b-5, aided and abetted Mr. Hu's violations of 10(b) and Rule 10b-5

1   of the Exchange Act, aided and abetted Mr. Hu's violations of Sections 206(1) and 206(2),

2   206(4), 206(4)-8 of the Advisers Act.

3   **5.    MOTIONS**

4          No motions are pending and none is currently anticipated at this time though Mr. Bond

5   reserves his right to file motions in this matter as discovery is disclosed.

6   **6.    AMENDMENT OF PLEADINGS**

7          The parties do not expect to add or dismiss any parties or claims.

8   **7.    EVIDENCE PRESERVATION**

9          The Commission has taken steps to preserve documents in its possession.

10  **8.    DISCLOSURES**

11         Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, counsel for the parties

12  met on August 16, 2010.  The Commission served its initial disclosures on September 10,

13  2010.  In its disclosures, the Commission identified 20 individuals likely to have discoverable

14  information that it might use to support its claims.  In addition, the Commission provided an

15  index to the documents disclosed under Rule 26(a), which are largely documents obtained in

16  its investigation preceding the filing of this action.  The Commission has offered to make the

17  documents available to defendant for inspection and copying.

18         Mr. Bond has yet to serve his initial disclosures.  The parties have conferred regarding

19  the production of the initial disclosures and the defendant has provided the Commission with

20  electronic copies of the documents.  Mr. Bond requests that the Commission provide

21  electronic copies of the documents as he has done for the Commission.

22  **9.    DISCOVERY**

23         The Commission and the defendant propose that the Court permit each party to take

24  up to 10 depositions without further leave of the Court.  In addition to depositions, the

25  Commission and the defendant anticipate further discovery requests, for documents or other

26  information, to third parties, and to each other, including by subpoena or document or

27  inspection requests, interrogatories, and requests for admissions.

28         No discovery cut-off or trial dates are set in this matter.

1        **A.      The Commission's Proposed Discovery Schedule:**

2        The Commission requests that the Court set the following discovery schedule:

3              Last day to complete discovery:  December 14, 2012

4        **B.      Mr. Bond's Proposed Discovery Schedule:**

5              Last day to complete discovery:  April 30, 2013

6    **10.  CLASS ACTIONS**

7        This matter is not a class action.

8    **11.  RELATED CASES**

9        On May 4, 2010, the Court related the *Bond* action to *SEC v. Albert K. Hu, et al.*, Case

10   No. 09-CV-1777 RMW (N.D. Cal. filed Mar. 18, 2009).  *See* Bond (Civil Action) Dkt. 9.  The

11   Office of the United States Attorney for the Northern District of California filed criminal

12   charges against Mr. Hu arising out of substantially the same facts alleged in the Commission's

13   complaint in *SEC v. Albert K. Hu, et al.  See United States v. Albert Ke-Jeng Hu*, Case No.

14   CR-09-00487 RMW (N.D. Cal. filed May 6, 2009).  The Court found the *Hu* matter and the

15   criminal action are related within the meaning of Crim. L.R. 8-1(b) and issued a Related Case

16   Order on August 11, 2009.

17   **12.  RELIEF**

18       The Commission seeks the following:

19       A.      Injunctive Relief:  A permanent injunction against defendant from directly or

20   indirectly violating Section 10(b) of the Exchange Act  [15 U.S.C. § 78j(b)] and Rule 10b-5

21   thereunder [17 C.F.R. § 240.10b-5].  The Commission further seeks an injunction against

22   Mr. Bond from directly or indirectly violating Sections 206(1), 206(2), and 206(4) of the

23   Advisers Act [15 U.S.C. §§ 80b-6(1), 80b-6(2), and 80b-6(4)] and Rule 206(4)-8 thereunder

24   [17 C.F.R. § 275.206(4)-8].

25       B.      Disgorgement:  An order directing defendant to disgorge unlawful profits,

26   including prejudgment interest.

27

28

1    C.    Penalties:  An order imposing civil monetary penalties on Mr. Bond pursuant

2 to Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)] and Section 209(e) of the Advisers

3 Act [15 U.S.C. § 80b-9(e)].

4    D.    Verified Accounting:  An order directing Mr. Bond to provide a verified

5 accounting of all payments made to him by the Asenqua hedge funds.

6 **13.    SETTLEMENT AND ADR**

7    The parties met and conferred regarding an Alternative Dispute Resolution plan and

8 filed a Notice of Need for ADR Phone Conference on August 27, 2010.  *See Bond* (Civil

9 Action) Dkt. 15.  The parties have participated in a series of ADR telephone conferences,

10 most recently on July 12, 2012.  At present, the Commission and Mr. Bond are in settlement

11 discussions.  The parties recommend that the Court refer this case for a settlement conference

12 with a Magistrate Judge, San Francisco or San Jose venue, in January 2013.

13 **14.    CONSENT TO MAGISTRATE JUDGE**

14    The parties do not consent to proceed before a magistrate judge.

15 **15.    OTHER REFERENCES**

16    The parties do not believe this case is suitable for binding arbitration.  As noted above,

17 however, the parties recommend that a settlement judge be appointed following the

18 completion of some discovery and that a settlement conference be set in January, 2013.

19 **16.    NARROWING OF ISSUES**

20    The parties have not yet identified any issues that can be narrowed by agreement or

21 motion.

22 **17.    EXPEDITED SCHEDULE**

23    This case is not suitable for expedited scheduling.

24 **18.    SCHEDULING**

25    **A.    The Commission's Proposed Schedule:**

26       Last day to file dispositive motions in the *Hu* matter:  October 12, 2012

27       Last day to complete discovery:  December 14, 2012

28       Last day to file dispositive motions in the *Bond* matter:  January 11, 2013

1          Pre-trial conference:  January 24, 2012

2          Trial:  February 18, 2013

3      **B.     Defendant's Proposed Schedule:**

4          Last day to file dispositive motions in the *Hu* matter:  December 28, 2012

5          Last day to complete discovery:  February 28, 2013

6          Last day to file dispositive motions in the *Bond* matter:  March 29, 2013

7          Pre-trial conference:  May 23, 2013

8          Trial:  June 3, 2013

9      **C.     TRIAL**

10         The Commission has not requested a jury trial.  Defendant reserves his right to a jury

11     trial.  The parties estimate the trial will take approximately 10 days.

12  **19.     DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

13         Pursuant to Local Rule 3-16(a), the Commission is not required to file a Certificate of

14  Interested Entities or Persons.

15         Defendant will file a Certificate Interested Entities or Persons within several days.

16  Defendant is unaware of any interested persons or entities.

17  **20.     OTHER MATTERS**

18         None.

19  DATED:  July 13, 2012                    */s/ Robert L. Tashjian*

20                                   ROBERT L. TASHJIAN

                                     Attorney for Plaintiff
21                                   SECURITIES AND EXCHANGE
                                     COMMISSION
22

23  DATED:  July 13, 2012                    */s/Gail Shifman*

24                                   GAIL SHIFMAN
                                     LAW OFFICES OF GAIL SHIFMAN
25                                   44 Montgomery Street, Suite 3850
                                     San Francisco, CA 94104
26                                   Telephone: (415) 551-1500
                                     Facsimile: (415) 551-1502
27                                   Cal. Bar. No. 147334

                                     Attorneys for Defendant
28                                   STEPHEN C. BOND